

FILED
07-15-2024
Clerk of Circuit Court
Brown County, WI
2024CV000999
Honorable Timothy A Hinkfuss
Branch 7

STATE OF WISCONSIN :   CIRCUIT COURT   :   BROWN COUNTY

| | |
|---|---|
| DE PERE CULTURAL FOUNDATION,<br>INC. D/B/A MULVA CULTURAL CENTER<br>221 S. Broadway Street<br>De Pere, WI 54115, | Case No.<br><br>Code No(s). 30303 (Other – Contracts) |
| Plaintiff, | |
| v. | |
| EXHIBITS DEVELOPMENT GROUP, LLC,<br>214 E. Fourth Street, Suite 170<br>Saint Paul, MN 55101 | |
| Defendant. | |

### SUMMONS

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written answer, as that term is used in Ch. 802 of the Wisconsin Statutes, to the Complaint.  The court may reject or disregard an answer that does not follow the requirements of the statutes.  The answer must be sent or delivered to the court, whose address is Clerk of Circuit Court, Brown County Courthouse, 100 South Jefferson Street, Green Bay, Wisconsin 54301 and to Plaintiff's attorneys, whose address is Godfrey & Kahn, S.C., Attn: David R. Konkel and Nicholas J. Bezier, 833 E. Michigan Street, Suite 1800, Milwaukee, Wisconsin 53202-5615.  You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 15th day of July, 2024.

By: *Electronically signed by Nicholas Bezier*
David R. Konkel
State Bar No. 1097244
Nicholas Bezier
State Bar No. 1101618
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: dkonkel@gklaw.com
nbezier@gklaw.com

Attorneys for Plaintiff DE PERE CULTURAL FOUNDATION, INC. D/B/A MULVA CULTURAL CENTER

31492724.1

FILED
07-15-2024
Clerk of Circuit Court
Brown County, WI
2024CV000999
Honorable Timothy A Hinkfuss
Branch 7

STATE OF WISCONSIN :   CIRCUIT COURT   :   BROWN COUNTY

| | |
|---|---|
| DE PERE CULTURAL FOUNDATION,<br>INC. D/B/A MULVA CULTURAL CENTER<br>221 S. Broadway Street<br>De Pere, WI 54115, | Case No.<br><br>Code No(s). 30303 (Other – Contracts) |
| Plaintiff, | |
| v. | |
| EXHIBITS DEVELOPMENT GROUP, LLC, | |
| Defendant. | |

## COMPLAINT

## INTRODUCTION

1. This is a simple breach of contract action involving a nascent non-profit cultural center that tried working with a vendor that could not live up to its promises.

2. Plaintiff De Pere Cultural Foundation, Inc. ("MCC") operates the Mulva Cultural Center, which was created to provide cultural experiences to community members in De Pere and northeast Wisconsin. MCC sought a vendor to provide programming and exhibits for its opening year.

3. MCC entered into an agreement with Defendant Exhibits Development Group, LLC ("EDG") in large part on EDG's representation that it was an expert in the exhibits vending industry. MCC and EDG agreed on an initial lineup of exhibits highlighting the Beatles and the Grammy awards, dinosaurs, and Lego.

4. EDG repeatedly breached its agreement with MCC. EDG did not deliver the dinosaur exhibit, claiming that it could not procure it due to terrorist attacks in the Middle East.

EDG delivered the Beatles exhibit without a promised Rolls-Royce limousine used by the Beatles, depriving the exhibit of its key artifact. Without notice to MCC, EDG swapped out a Grammy awards exhibit about Wisconsin Grammy award winners for an exhibit about Latin Grammy award winners. Finally, EDG could not assuage MCC concerns with EDG's ability to deliver the Lego exhibits after MCC pressed EDG for assurance that it could reverse its poor track record. In sum, MCC has paid hundreds of thousands of dollars for EDG's botched performance – to the extent EDG performed at all. MCC seeks to recoup its payments to EDG by this action.

## PARTIES

5. Plaintiff De Pere Cultural Foundation, Inc. is a Wisconsin corporation with a principal place of business at 221 S. Broadway Street, De Pere, WI.

6. Defendant Exhibits Development Group, LLC is a Minnesota limited liability company with a principal place of business at 214 E. Fourth Street, Saint Paul, MN.

## JURISDICTION AND VENUE

7. The Court has personal jurisdiction over EDG. First, the Court's exercise of personal jurisdiction over EDG comports with Wis. Stat. § 801.05(3) and (5) because the Complaint alleges EDG failed to provide contracted-for goods and services within the state of Wisconsin. Second, the Court's exercise of personal jurisdiction over EDG comports with due process. EDG conducted business with MCC in the state of Wisconsin, MCC's damages arise from EDG's business in the state of Wisconsin, and the exercise of jurisdiction comports with fair play and substantial justice because Wisconsin has a strong interest in protecting the enforceability of contracts in which its citizens are parties.

8. Venue is appropriate under Wis. Stat. § 801.50(2)(a) because MCC's claims arose in Brown County.

2

## FACT ALLEGATIONS

***MCC and EDG enter into an Exhibition Agreement and agree on programming and payment terms.***

9. MCC operates the Mulva Cultural Center, an arts, science and exhibition center dedicated to providing first-rate cultural experiences to the citizens of De Pere, Wisconsin, and surrounding communities. The Mulva Cultural Center opened to the public on December 8, 2023.

10. MCC considered it pivotal that the Mulva Cultural Center's first exhibits showcase world-class programming after its opening to establish the Mulva Cultural Center as a cultural destination in the region, state, and nation.

11. To that end, MCC identified EDG as a potential vendor. EDG advertised itself as an "expert resource" with a "global reputation" for its "development, marketing, and distribution of high quality travelling exhibitions and ancillary retail services."

12. On January 1, 2023, MCC and EDG executed an Exhibition Agreement by which EDG agreed to source programming and exhibitions for display at the Mulva Cultural Center in De Pere, Wisconsin.

13. MCC and EDG agreed that EDG would provide:

    a. An exhibit regarding the Beatles for display at MCC between September 28, 2023 and January 7, 2024. The exhibit would include the loan of a Rolls-Royce limousine used by the Beatles that sold at auction in 1985 for $2,299,000, or over $6.5 million adjusted for inflation. The Beatles exhibit would be shown alongside a companion exhibit spotlighting Grammy award winners from Wisconsin.

    b. An exhibit regarding dinosaurs named "Evolution" for display at MCC between February 14, 2024 and April 28, 2024.

2

      c. An exhibit regarding Lego toys named "Bricktionary" for display at MCC between May 23, 2024 and September 2, 2024.

14. In return for EDG's provision of exhibits, MCC agreed to pay both rental fees and royalty fees to EDG in installments before and during each exhibit.

***EDG repeatedly fails to perform its obligations under the Exhibition Agreement.***

15. As part of the Beatles exhibit, EDG promised to secure the loan of a Rolls-Royce limousine used by the Beatles.

16. MCC considered the limousine the centerpiece of the Beatles exhibit and instrumental to the success of the exhibit.

17. MCC prominently featured the Rolls-Royce limousine in its marketing of the Beatles exhibit, which was also its very first exhibition:



18. EDG failed to provide the Rolls-Royce limousine to MCC as part of the Beatles exhibit, even though EDG knew that it was the centerpiece of the exhibit.

4

19. EDG also made other surprise changes. For example, EDG did not provide the companion exhibit focused on Wisconsin Grammy winners such as Bon Iver, Al Jarreau, Les Paul, Butch Vig, and others. Instead, EDG unilaterally substituted the Wisconsin Grammy exhibit with an exhibit focused on Latin Grammy winners.

20. EDG did not inform the MCC about the switch to the Latin Grammy winners until the exhibit was already on site.

21. EDG promised to deliver the Evolution exhibit to MCC in time to begin exhibition on February 14, 2024. However, EDG failed to deliver the Evolution exhibit to MCC.

22. In late December 2023 – just weeks before the Evolution exhibit was due to open – EDG informed MCC that it was postponing the Evolution exhibit unilaterally supposedly due to terrorist attacks in the Red Sea and the impact of those attacks on shipping the exhibit.

23. EDG has not explained how the Red Sea terrorist attacks specifically impacted EDG's ability to ship the exhibit.

24. Moreover, EDG has not explained why other alternatives that would have permitted the timely delivery of the Evolution exhibit were not considered before EDG's unilateral postponement of the exhibit.

25. In light of EDG's failures on each of the prior two exhibits, MCC was uncertain about EDG's ability to follow through on its obligation to provide the Bricktionary exhibit.

26. MCC asked EDG to assure that it could deliver the Bricktionary exhibit at the time and in the condition agreed under the Exhibition Agreement.

27. EDG failed to reasonably assure MCC of its ability to deliver the Bricktionary exhibit.

5

*MCC paid hundreds of thousands of dollars for exhibits that EDG did not deliver.*

28. Per the Exhibition Agreement, "[a]ll payment and fees due from Exhibitor to company shall be conditioned upon Company performing/satisfying its obligations set forth in this Agreement."

29. MCC paid $616,000 to EDG for the Beatles and Grammy exhibits. MCC paid the full price for the Beatles exhibit despite the fact that it did not receive what EDG promised to deliver.

30. MCC paid $375,000 for the Evolution exhibit to EDG even though EDG did not deliver the exhibit.

31. MCC paid $397,500 for the Bricktionary exhibit to EDG even though EDG could not assure MCC of its ability to deliver the exhibit.

32. On April 9, 2024, MCC terminated the Exhibition Agreement due to EDG's multiple and compounded failures to follow through on its obligations.

33. Despite the fact that EDG did not perform or satisfy its obligations in the Exhibit Agreement, EDG has not returned any of the payments by MCC for the Beatles exhibit, Evolution exhibit, or Bricktionary exhibit.

## COUNT I – BREACH OF CONTRACT

34. All prior allegations are incorporated herein by reference.

35. The Exhibition Agreement constituted a valid and binding contract between MCC and EDG.

36. MCC has performed its obligations under the Exhibition Agreement.

37. EDG materially breached the Exhibition Agreement by failing to deliver the Rolls-Royce limousine promised with the Beatles exhibit and unilaterally altering aspects of the Grammy exhibit.

38. EDG materially breached the Exhibition Agreement by failing to deliver the Evolution exhibit.

39. EDG materially breached the Exhibition Agreement by failing to reasonably assure MCC of its ability to deliver the Bricktionary exhibit.

40. EDG materially breached the Exhibition Agreement by failing to return payments to MCC for exhibitions that EDG never delivered.

41. EDG's material breaches have caused MCC to suffer damages in the amount that MCC paid for the Beatles exhibit, the Evolution exhibit, and the Bricktionary exhibit.

### COUNT II - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

42. All prior allegations are incorporated herein by reference.

43. By entering into the Exhibition Agreement with MCC, EDG owed MCC an implied duty of good faith and fair dealing.

44. EDG breached its duty of good faith and fair dealing by failing to adequately explore means to deliver the Evolution exhibit to MCC following terrorist attacks allegedly impacting EDG's ability to ship the Evolution exhibit.

45. EDG breached its duty of good faith and fair dealing by failing to adequately assure MCC of its ability to deliver the Bricktionary exhibit.

46. EDG breached its duty of good faith and fair dealing by repeatedly making unilateral changes to the exhibits to be provided under the Exhibition Agreement without notice to, much less discussion with, the MCC.

47. EDG's material breaches have caused MCC to suffer damages in the amount that MCC paid for both the Evolution exhibit and the Bricktionary exhibit.

WHEREFORE, MCC respectfully requests that the Court enter judgment in its favor and against EDG as follows:

A. Damages in an amount to be determined at trial, but no less than $1,388,500.00;

B. Awarding MCC its costs and disbursements incurred in this matter, including its attorneys' fees and costs as specifically provided for in the Exhibition Agreement; and

C. Awarding such other and further relief as the Court deems just and equitable.

Dated this 15th day of July, 2024.

By: *Electronically signed by Nicholas Bezier*
  David R. Konkel
  State Bar No. 1097244
  Nicholas Bezier
  State Bar No. 1101618
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: dkonkel@gklaw.com
nbezier@gklaw.com

Attorneys for Plaintiff DE PERE CULTURAL FOUNDATION, INC. D/B/A MULVA CULTURAL CENTER

31466411.3

8